## THE MAGGIE ELLEN.

### (District Court, E. D. New York.   February 5, 1902.)

1. COLLISION—SAILING VESSELS ANCHORING IN CHANNEL — UNNECESSARY OB-STRUCTION.

Sailing vessels have no right to anchor in thick and stormy weather so as to obstruct a channel used by passenger steamers, and create danger of collision, where it can be avoided by reasonable effort on their part; and, where it cannot, they should display such lights as will be effective, under the conditions, to give warning of their position.

2. SAME—STEAMER AND SAILING VESSEL—INSUFFICIENT LIGHTS.

A schooner which was lying with three others, anchored at intervals across a channel three-quarters of a mile wide, during a snowstorm, creating a dangerous obstruction, owing to the thick weather and its insufficient lights, when all could have found safe anchorage grounds at the side of the channel, *held* solely in fault for a collision with a passing steamer which exercised due care.

In Admiralty.   Suit for collision.

William J. Kelly, for libelant.

Wing, Putnam & Burlingham, for claimant.

THOMAS, District Judge.   On December 21, 1900, at about 9:30 o'clock in the evening, the steamer Shinnecock, bound from Providence to New York, collided with the schooner Maggie Ellen, anchored about a quarter of a mile off the east shore of Dutch Island, in Narragansett Bay.   Between the island and west shore, the distance is about three-quarters of a mile; and in this space were the Maggie Ellen and three other schooners, separated one from another by a distance of about 500 or 600 yards.   These schooners were anchored in the usual course of several large steamers and other vessels.   To the eastward, in Dutch Island harbor, was a safe anchorage ground; and there was opportunity to anchor on the west side of the channel, without the way of passing vessels.   The weather was thick, by reason of a severe snowstorm; and navigation was so difficult that the Shinnecock had been obliged to turn back on her course shortly before reaching the schooner, and it was after resuming her voyage that the collision happened.   The persons on the schooner admit that they saw the lights of the steamer, and allege that they had a white anchor light set in the fore rigging, about 15 feet from the deck.   Both vessels were injured by the collision.   The present action involves damage to the steamship.   It is alleged on the part of the libelant that the Maggie Ellen, as well as the other schooners, was a dangerous obstruction to navigation, and so it seems to the court.   The schooners menaced navigation to a degree that indicates great disregard of the passing vessels, carrying many passengers and much property.   Although it is claimed that they anchored under stress of weather, there was no extremity that required this blockade of the thoroughfare.   It comes frequently to the attention of this court that sailing vessels place themselves in the way of large passenger steamers, displaying, if any light, only a small lantern, capable of being seen under favorable circumstances, but so obscured or hidden on nights like the one in question that its presence furnishes no warning.   The witnesses for the

schooner urge that the light was present. The witnesses for the steamer state that it was not displayed or produced until after the accident happened. However that may be, the schooners were where they had no right to be, and, if they ventured to obstruct the channel, they should have used measures to forewarn the passing steamships, other than were employed upon this occasion. It is quite time that some check should be put upon the indolence of sailing vessels in protecting themselves and others, and that what has come to be a habitual disregard of the safety of the multitude of people traveling by water should receive more positive condemnation of the courts. It may be that cases will arise where schooners are anchored in places where they have no right to be, and yet that passing vessels may be negligent in not discovering their presence. Such is not the case at bar. The conduct of the Shinnecock, by her officers, indicates great solicitude for the welfare of those aboard, and that careful lookout was maintained.

There should be a decree for the libelant for damages and costs.